UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
                                      )
HELEN L HAMMOND,                      )    Case No. 19-12942-BFK
                                      )    Chapter 13
                                      )
         Debtor.                      )
                                      )
                                      )

**MEMORANDUM OPINION
AND ORDER GRANTING DEBTOR'S
MOTION TO VACATE ORDER DISMISSING CASE**

This matter is before the Court on the Debtor's Motion to Vacate the Order Dismissing her Case. Docket No. 66. The Chapter 13 Trustee filed a Response to the Motion. Docket No. 71. The Court heard the parties' arguments on January 23, 2025. For the reasons stated below, the Court will grant the Debtor's Motion.

**Findings of Fact**

The Court makes the following findings of fact.

*A. Confirmation of the Debtor's Modified Plan.*

1.    On September 4, 2019, the Debtor filed a Voluntary Petition under Chapter 13 with this Court. Docket No. 1.

2.    On January 16, 2020, the Court entered an Order Confirming the Debtor's Modified Plan. Docket No. 18. The Modified Plan required the Debtor to make payments to the Trustee of

1

$330.00 for 24 months, and then $783.00 for 36 months, for a 1% distribution to the Debtor's unsecured creditors. Docket No. 18, ¶ 2.[1]

3. The Modified Plan also required the Debtor to continue to make the monthly mortgage payments on her residence at 13250 Golders Green Place, Bristow, VA 20136 ("the Property"). *Id.* ¶ 6(A). An arrearage on the mortgage of $13,094.53, was to be paid through the Plan. *Id.*

B. *Nationstar's Relief From Stay Motion.*

4. On October 24, 2024, Nationstar Mortgage, LLC, filed a Motion for Relief from the Automatic Stay with respect to the Property, alleging that the Debtor was due for four post-petition mortgage payments from July 2024, through October 2024. Docket No. 50, ¶ 6.

5. The Debtor timely opposed the Motion for Relief from the Automatic Stay. Docket No. 52.

6. On December 5, 2024, the Court granted Nationstar's Motion for Relief from the Automatic Stay. Docket No. 62.

C. *The Trustee's Two Motions to Dismiss.*

7. On October 28, 2024, the Trustee filed a Motion to Dismiss the case, alleging that the Debtor owed $41.00 to complete her Plan payments. Docket No. 53.

8. The Trustee set his first Motion to Dismiss for a hearing on November 21, 2024. *Id.*

9. On November 5, 2024, the Trustee withdrew his first Motion to Dismiss. Docket No. 55.

---

[1] Subsequently, the plan payment amount was increased to $824.00 per month for the remaining 20 months of the Plan. Docket No. 43 (Amended Order Confirming Modified Plan), ¶ 3.

10. On November 12, 2024, the Trustee filed a second Motion to Dismiss, this time alleging that the Debtor was in arrears on her post-petition mortgage payments, and therefore, was in default under Section 6(A) of the confirmed Modified Plan. Docket No. 58.

11. The Trustee set his second Motion to Dismiss for a hearing on December 5, 2024. *Id.*

12. Although counsel for the Debtor was present in the courtroom on December 5, 2024, she left before the Court called this case, mistakenly believing that the Motion to Dismiss that was on the docket (the Trustee's second) had been withdrawn. The Court granted the Trustee's Motion.

13. On December 9, 2024, the Court entered an Order Granting Motion to Dismiss Case. Docket No. 65.

14. Counsel for the Debtor filed a Motion to Vacate the Order dismissing the case on the same day, December 9, 2024. Docket No. 66.

15. On December 16, 2024, the Truste filed his Response to the Debtor's Motion. Docket No. 71.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**I.   Excusable Neglect.**

The Court will first address the Debtor's excusable neglect argument. The Supreme Court defined the parameters of excusable neglect in *Pioneer Inv. Serv. Co. v. Brunswick Assoc's Ltd. P'ship*, 507 U.S. 380 (1993). There, the Court held:

3

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395.

The burden of proof rests with the party seeking an extension. *In re AMF Bowling Worldwide*, 520 B.R. 185 (Bankr. E.D. Va. 2014); *In re U.S. Airways, Inc.*, No. 04-13819-SSM, 2005 WL 3676186, at *7 (Bankr. E.D. Va. November 21, 2005).

In this case, Debtor's counsel argues that she was confused because the Trustee filed two Motions to Dismiss, and she understood that the Motion that was on the Court's docket on December 5, 2024, had been withdrawn. This is an understandable mistake. The Trustee conceded at the hearing on this Motion that counsel for the Debtor had met the excusable neglect standard. There is no negative impact on the administration of the case, and the movant is proceeding in good faith. Although the reason for the delay was within the movant's control, on balance, the Court finds that the equities of the case weigh in favor of a finding of excusable neglect.

Under the circumstances of this case, the Court finds that there was excusable neglect.

**II.     Local Rule 3002.1.**

In 2016, Judge St. John, of this Court, held that where a debtor fails to pay his or her post-petition mortgage payments, he or she has not completed all of the payments under the plan and is not entitled to a discharge. *In re Evans*, 543 B.R. 213 (Bankr. E.D. Va. 2016), *aff'd* 564 B.R. 513 (E.D. Va. 2017). *See* 11 U.S.C. § 1328(a) ("as soon as practicable after completion of all payments

4

under the plan . . . the court shall grant the debtor a discharge . . . .") No Judge of this Court has issued an Opinion disagreeing with *Evans*.

In August 2023, the Court adopted Local Rule 3002.1. The Rule was designed to comport with national Bankruptcy Rule 3002.1 (Notice Relating to Claims Secured by Security Interests in the Debtor's Principal Residence). Further, it was intended to provide the Court with a policing mechanism for debtors who were in default on their post-petition mortgage payments, but who may have been receiving discharges notwithstanding *Evans*. This District is not a conduit-payment district, and the trustees have no way to know whether debtors are current on their post-petition mortgage payments at the end of the case. In relevant part, the Local Rule provides:

> Debtor's Certification: In any chapter 13 case (1) that involves any claim that is secured by a security interest in the debtor's principal residence for which the plan provides that either the trustee or debtor will make contractual installment payments and (2) *where there is no order terminating or annulling the automatic stay related to such claim,* the debtor(s) shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the debtor fails to timely file a certification, or if the debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

Local Rule 3002.1(A) (emphasis added).

There is an exception to Local Rule 3002.1, emphasized above, where an order has been entered terminating or annulling the automatic stay. At the hearing on this Motion, the Trustee argued that in this case (and in other cases) this exception incentivizes debtors to agree to lift the automatic stay near the end of the case, when they are in default on their post-petition mortgage payments, to qualify for a discharge.

The Trustee's concern is understandable. It is possible that debtors may benefit from orders lifting the stay at the end of their cases, when they are in default on their mortgage payments – conceivably, a result unanticipated by the drafters of Local Rule 3002.1. On the other hand, debtors such as Ms. Hammond appear to come within the plain language of the exception, and the Court is not free to ignore the plain language of a Local Rule. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) ("where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'")

Moreover, the Trustee's position could invite arbitrariness in the application of Local Rule 3002.1. The Rule contains the exception because the Court cannot expect debtors to continue to pay monthly mortgage payments they can no longer afford, and where surrendering their properties to their secured lenders is the only viable option. It is not clear to the Court just how the Court would distinguish between debtors who intend to surrender their properties and debtors who are seeking to retain their properties who may only be a few months behind, and have suffered (or even encouraged) the entry of a relief from stay order, short of holding an evidentiary hearing on debtors' entitlement to a discharge in every Chapter 13 case in which a relief from stay order is entered.

In the Court's view, this case can be compared profitably with the Court's recent Opinion in *In re Tereick*, No. 17-13579-BFK, No. 23-10579-BFK, 2023 WL 12020729 (Bankr. E.D. Va. August 9, 2023). In *Tereick*, the debtor filed for Chapter 13 bankruptcy in 2017, with mortgage arrearages of approximately $17,000.00. His confirmed plan required him to make the monthly mortgage payments in the amount of $1,930.00 per month, and to make additional payments to the Trustee to cure the arrearages (known as a "cure and maintain" plan). The trustee filed a Notice of Completion of Plan Payments, but the lender obtained consensual relief from the automatic stay

6

owing to post-petition mortgage payment defaults. The debtor filed a Certification of Compliance under Bankruptcy Code Section 1328(f), which at the time did not require debtors to certify that they had made all of the payments under their plan. The debtor received a discharge, and in January 2023, his case was closed.

Mr. Tereick then filed a second Chapter 13 case only four months later in April 2023. In the second case, he listed mortgage arrearages of $99,000.00, over four times the amount of the arrearages when he filed for Chapter 13 relief in 2017. It was apparent that Mr. Tereick made virtually no mortgage payments throughout the course of his 2017 bankruptcy case. The Court issued an Order to Show Cause why the Debtor's Discharge should not be revoked in the 2017 case. Case No. 17-13579-BFK, Docket No. 57. Ultimately, the Court did not vacate the debtor's discharge in the 2017 case because he did not commit a fraud on the Court – at the time, he was not required to certify whether he had made the mortgage payments. The Court did, however, dismiss his second case with prejudice for a period of 180 days. The Court held:

> The Court finds that, in this case, there is cause to dismiss this case with prejudice. The Debtor had the benefit of the automatic stay for five years in his previous case. He did not pay the mortgage on his property for four of those years, despite his representation to the Court in his confirmed Plan that he would do so. He has been in this case for four months and now consents to a dismissal after the Trustee objected to the feasibility of his Plan and moved to dismiss the case. The Debtor testified inconsistently concerning his wife's presence in the home. At the end of his testimony, the Debtor alluded to the fact that he is seeking a loan modification, and absent success in achieving a loan modification, he may have to sell the property. In the Court's view, he has had a sufficient amount of time between these two cases to do just that. The Court will not dismiss this case without prejudice only to invite the Debtor to file a third case lacking a feasible prospect for financial rehabilitation.

*Tereick*, 2023 WL 12020729, at *5.

The *Tereick* case is precisely the kind of case that Local Rule 3002.1 was designed to address, where the debtor defaulted on his plan obligations. The Court exercised its discretion in the second case to dismiss the case with prejudice for a period of 180 days. The Court always retains the discretion to review cases that come before it, and to impose appropriate sanctions where bad faith is apparent. *In re Mitrano*, 472 B.R. 706, 710 (E.D. Va. 2012) ("Nothing in the text of either § 706 or § 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor." (quoting *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007))).[2]

In this case, but for counsel's (excusable) mistake in leaving the courtroom early on December 9, Ms. Hammond is entitled to a discharge under the plain terms of Local Rule 3002.1. The Court, therefore, will grant her Motion to Vacate the Order dismissing her case.

### Conclusion

It is therefore **ORDERED**:

1. The Debtor's Motion to Vacate (Docket No. 66) is granted.

2. The Clerk shall mail copies of this Memorandum Opinion and Order, or provide cm-ecf notice of its entry, to the parties below.

Date: Feb 20 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Copies to:

Entered On Docket: Feb 20 2025

---

[2] The same is true with respect to voluntary retirement contributions in Chapter 13. Debtors are free to make, and even increase, their voluntary retirement contributions under Bankruptcy Code Sections 541(b)(7) and 1325(b)(1)(B), but any increase in such contributions remains subject to a good faith analysis. *In re Cantu*, 553 B.R. 565 (Bankr. E.D. Va. 2016), *aff'd sub nom. Gorman v. Cantu*, 713 Fed. Appx. 200 (4th Cir. 2017) (unreported opinion).

8

Helen L Hammond
13250 Golders Green Pl
Bristow, VA 20136
*Chapter 13 Debtor*

Tommy Andrews, Jr.
122 North Alfred Street
Alexandria, VA 22314
*Counsel for Debtor*

Thomas P. Gorman
1414 Prince Street, Suite 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Marcelo R. Michel
300 N. Washington Street, Suite 400
Alexandria, VA 22314
*Counsel for Chapter 13 Trustee*

Matthew W. Cheney
1725 Duke Street, Suite 650
Alexandria, VA 22314
*U.S. Trustee*