```
                                                                        1

                IN THE UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)

In Re:                                 ) Case No. 19-12942-BFK
                                       ) Alexandria, Virginia
HELEN L. HAMMOND,                      )
                                       )
         Debtor.                       ) January 23, 2025
                                       ) 2:28 p.m.
--------------------------------       )


                     TRANSCRIPT OF HEARING ON
        (66) DEBTOR'S MOTION TO VACATE ORDER DISMISSING CASE
                      TRUSTEE'S RESPONSE #71
                BEFORE THE HONORABLE BRIAN F. KENNEY
                 CHIEF UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:
For the Debtor:                  TETIANA ZHMACHENKO, ESQ.
                                 ANDREWS LAW FIRM
                                 122 North Alfred Street
                                 Alexandria, VA 22314

For the Chapter 13 Trustee:      THOMAS P. GORMAN, ESQ.
                                 THOMAS P. GORMAN, CHAPTER 13
                                 TRUSTEE
                                 1414 Prince Street
                                 Suite 202
                                 Alexandria, VA 22314




Transcription Services:          eScribers, LLC
                                 7227 North 16th Street
                                 Suite #207
                                 Phoenix, AZ 85020
                                 (800) 257-0885

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

1  THE CLERK: Item Number 53, Helen Hammond, case number
2  19-12942.
3  MR. GORMAN: That's a legal argument. It won't take
4  very long, but I don't know if Your Honor wants to deal with
5  the other.
6  THE COURT: I'll hear it now. I'll hear it now.
7  MS. ZHMACHENKO: Tetiana Zhmachenko for the debtor.
8  This comes on a motion to vacate case dismissal and essentially
9  alleging excusable neglect. So essentially, the case was
10  dismissed on December 5th on trustee's motion, and then,
11  because the counsel didn't show up, essentially, at the hearing
12  to oppose it. And then in this case it was my fault that they
13  didn't show up, but in this case, it was the second motion to
14  dismiss. The first motion to dismiss that was filed in the
15  case, debtor completed her plan payments and trustee filed
16  motion to dismiss when debtor was, like, forty-three dollars
17  short to complete her payments. So then and she completed your
18  payments, and trustee withdrew that motion to dismiss. And
19  that motion to dismiss and the hearing that was set on that
20  motion was removed, like, on November 21st, and then motion to
21  dismiss was withdrawn on November 5th. But the hearing was
22  supposed to be on November 21st.
23  And then, at the end of the case, the motion to
24  terminate stay was filed in the case on October 24th. And
25  then, so essentially a motion to terminate stay was granted on

1  November 26th.  I overlooked the fact the trustee filed a
2  second motion to dismiss on November 12th and then set it for a
3  hearing on December 5th, because I, for some reason, thought
4  that, sort of, that's -- the first motion to dismiss wasn't
5  removed from the docket.  It was my total, my confusion.
6        And I was not, because in my mind, like, she completed
7  her payments, and then the stay will be terminated.  So she is
8  good, kind of, like to proceed with the charge.  And I didn't
9  realize that there was another motion to dismiss alleging the
10 mortgage payment default as the grounds for dismissal, because
11 that was new to me, because before, on that facts, number of
12 cases --
13       THE COURT:  But you don't dispute Mr. Gorman's
14 allegation that she was in default on the mortgage payments?
15       MS. ZHMACHENKO:  I dispute.
16       THE COURT:  You don't dispute it?
17       MS. ZHMACHENKO:  Essentially, because stay was
18 terminated.  Stay essentially --
19       THE COURT:  But you don't dispute that the stay was
20 she --
21       MS. ZHMACHENKO:  No.
22       THE COURT:  -- terminated because she didn't make the
23 payments.
24       MS. ZHMACHENKO:  I dispute --
25       THE COURT:  I mean, you can't have it both ways.  You

1  can't say, well, she's entitled to a discharge because --
2          MS. ZHMACHENKO:  Because stay is terminated.
3          THE COURT:  -- because the stay was terminated.  But
4  why was the stay terminated?  Because she didn't make her
5  payments.
6          MS. ZHMACHENKO:  Correct.
7          THE COURT:  Okay.
8          MS. ZHMACHENKO:  But it's under -- in the evidence,
9  you know, that's sort of, like, essentially, that's, and the
10 evidence doesn't cover situations when stay is terminated.  So
11 then if stay is terminated, like, based on paragraph 9 of the
12 plan, I mean, it's, like, if relief from stay is granted
13 essentially, then essentially there is no obligation then under
14 plan, on that particular secured debt.  So it's under paragraph
15 9 of the plan.
16         Before, like, I have a number of cases when on these
17 facts, they were, like, cases were discharged when stay was
18 terminated at the end of the case.  And it was fine on the
19 similar facts.
20         Right now, Mr. Gorman trying essentially to push the
21 idea that if person not making payments at the end of the case,
22 stay terminated.  This case should be dismissed, not discharged
23 on the facts, so that I dispute, essentially, the fact that for
24 the case to be dismissed, if stay is terminated, because it's
25 outside in the evidence and essentially contradicts to

1  paragraph 9 of the confirmed plan.

2  But like, but right now, (indiscernible) that case was
3  dismissed because I didn't appear at that hearing. And that's
4  true, and I apologize. And usually I'm pretty good about my
5  hearings. And we usually discuss all the hearings ahead of
6  time with Mr. Gorman, every single docket item. But that
7  particular one was kind of, like, wasn't raised in discussions.
8  And I assumed somehow that it's mistakenly on the docket,
9  because in my mind that she completed her payments and stay is
10 terminated, so she is ready to proceed to discharge. And then
11 there is no other issues. So that's that.

12 So I request right now to grant the motion to vacate
13 dismissal and then to let you rule on them, on essentially, on
14 a legal argument that whether the dismissal on those facts are
15 warranted, essentially, and actually in compliance with the In
16 re Evans case.

17 THE COURT: Okay. Thank you.

18 MS. ZHMACHENKO: Thank you.

19 THE COURT: Mr. Gorman.

20 MR. GORMAN: Thank you. On the motion to vacate, I'm
21 not the -- well, I'll call it the excusable neglect argument.
22 I'm not fighting that. I don't know if that's the standard
23 under 9024, but I'm not fighting it.

24 I will say, in counsel's defense, under the procedural
25 facts of this, I can see where she would have been confused. I

1  had filed -- we got to the end of the case.  Debtor owed a
2  small amount of money.  I couldn't collect it.  I filed a
3  motion to dismiss to compel payment.  And then when she got
4  that last payment into me, I withdrew that.  But then around
5  the same time, I get the lift stay motion saying debtor's not
6  paying the mortgage.  So I filed an independent motion to
7  dismiss on that.  And they were in close enough proximity that
8  I can see where counsel might have been confused.
9         And also, I'd be remiss or couldn't live with myself
10 if I didn't tell the Court, I've been working with counsel now
11 fifteen, sixteen years.  Not coming to court is not a problem.
12 And if you probably don't recall, but that particular hearing
13 date was at the end of the docket.  I looked around and said I
14 was surprised she wasn't here.  Not appearing is not, it's out
15 of character, and I'd hate to see this case disposed on
16 counsel's performance, because I don't think it's been
17 deficient.
18         Where I take exception, though, is on the merits.  As
19 Your Honor is aware, I've been challenging this notion that's
20 out there, the belief or concept that when you're in a plan
21 requiring you to pay the regular mortgage and you're curing and
22 keeping the residence, you're still in it.  Under Evans, you've
23 defaulted.  But there's this notion out there that if you
24 get -- that the granting of relief from stay is your golden
25 ticket to a discharge.

1       And counsel argues that this is consistent with
2  evidence.  I don't believe it is.  It's not evidence that says
3  this.  It's the local rule.  It's our implementation of the
4  local rule that's tied it to 3002.1.
5       And I know I'm repeating myself.  I've said this in
6  court, cocktail parties, anywhere I can get somebody to listen.
7  But here's the inequity.  You have two debtors exactly the
8  same.  They get to the end of the chase.  They've both paid the
9  plan.  They're both still in the house.  They both haven't paid
10 the mortgage.  One of them gets lift stay.  They may have
11 debtor's counsel who picks up the phone and asks for relief
12 from stay, but they realize lift stay gets me my discharge.
13 They're lucky.  They get that golden ticket.  They get stay
14 granted.  The other debtor who didn't, they don't get their
15 discharge.  That strikes me as wholly inequitable.  And this is
16 a court of equity.  And so that's the result I am challenging.
17      And in this case, the plan did not surrender the
18 property.  It proposed to keep it, required at Section 6(a) for
19 debtor to make those regular payments.  Debtor didn't.  There's
20 a lift stay order that can be found at docket number 62.  It
21 was entered December 5th.  And the record is pretty clear.
22 What happened was debtor knew it was behind.  And this is
23 happening, Your Honor.  Counsel at the end is saying, yes, I
24 will consent.  Send me an order.  You're at the end of the
25 case.  As a lawyer, it's good lawyering.  My client's behind.

1  Under the current way, we're enforcing Evans.  They won't get
2  their discharge, but thank God this lift stay motion has been
3  filed.  We're at the end of the case.  Let me sign it.  Because
4  that gives me an exit to getting my discharge.  That's what I'm
5  challenging here.
6        So I don't fault counsel for missing the hearing.  I
7  would hate to see this disposed of on that, but I think on the
8  merits the case -- if she had argued that the case would have
9  and should have been dismissed, because debtor's undeniably in
10 default on her plan obligations.  That, to me, is what Evans
11 teaches us, that even your payments outside the plan, as part
12 of your plan performance obligations, you don't make them, you
13 haven't completed the plan under Evans.  You don't get your
14 discharge.
15        But alternatively, I'm saying the case gets dismissed.
16 You might have paid the direct payments, but you haven't paid
17 the indirect payments, and they were an integral, crucial part
18 of the plan.  So I'm basically taking exception with the lift
19 stay buys you a discharge theory.  Thank you.
20        THE COURT:  Ms. Zhmachenko, if you would come back to
21 the podium.  What would happen if we were only six months into
22 the case and your client wasn't paying the mortgage and Mr.
23 Gorman filed a motion to dismiss the case?
24        MS. ZHMACHENKO:  Essentially, if it was no motion to
25 terminate stay at all, just motion to dismiss?

1       THE COURT:  Yes.

2       MS. ZHMACHENKO:  When he would learn about it when it
3  would be usually in the situation there is motion to terminate
4  stay.  And then Mr. Gorman files now motions to dismiss.  Then
5  if people files, like, if people behind mortgage payments.  So
6  just unless the person, kind of, we get the resolution, then
7  theoretically, case can be dismissed unless motion to terminate
8  the stay is resolved somehow.  But yeah.  But sort of, like,
9  but at the same time, the stay is terminated.  And I guess the
10 case losing its --

11      THE COURT:  The short answer is the case would get
12 dismissed, right?

13      MS. ZHMACHENKO:  Solely, I haven't seen cases to be
14 dismissed solely on person being behind on mortgage payments.
15 Usually it goes along with default on plan payments.  But I
16 honestly haven't seen -- we usually, kind of, resolving the
17 lift stays or case or somehow this all, kind of, gets managed
18 right now, but theoretically -- theoretically, right now,
19 probably.  Unless we amend the plan and provide for the
20 property surrender, you know, under the plan, then I guess then
21 case can continue.  But right now --

22      THE COURT:  But your -- I mean, let's face it.  Your
23 client doesn't want to surrender their property.  They want to
24 stay in their property.

25      MS. ZHMACHENKO:  Right now yes.  Yes.

1       THE COURT:  Right.  So --

2       MS. ZHMACHENKO:  But --

3       THE COURT:  I mean, that would be a bit of a fiction
4  to say surrender.

5       MS. ZHMACHENKO:  But so far, there is no bright line
6  about this application of this -- this mortgage payment kind of
7  things.  Let's say, because I had a number of situations when
8  okay, stay gets terminated in the middle of the case, and then
9  people get still discharged with stay termination.  And so far,
10 it's like in this.  This is how it goes.  It's, like, debtor's
11 attorneys, essentially, I mean, like, let's say, stay is
12 terminated half a year before payment completion, and then
13 people are still getting discharge of Chapter 13s, and then
14 it's pretty, I mean, not to say frequent, but it kind of
15 happens often.  So far it worked.  And it's, kind of, all
16 pretty much -- that's logic right now of debtor's attorney,
17 essentially, it's ideal to have somehow stay terminated before
18 payment -- before, essentially, case completion, so they don't
19 have to pay all this amounts they behind before the end of the
20 case.

21      But this is where practice, like, how practice was
22 going on until, sort of, like, Mr. Gorman trying to change it.
23 But I think in Richmond it's still going.  So that's -- I had
24 several cases that discharge on the similar facts, when stay
25 terminated right before payment completion, and people were --

1      THE COURT:  Yeah, but you keep focusing on whether
2 she's entitled to a discharge.
3      MS. ZHMACHENKO:  Yes.
4      THE COURT:  But isn't there grounds to dismiss the
5 case under Evans?  I mean, aren't they --
6      MS. ZHMACHENKO:  There are --
7      THE COURT:  Aren't they separate issues?  Aren't they
8 two distinct issues?  That's what I'm getting at.
9      MS. ZHMACHENKO:  Not necessarily, because under In re
10 Evans, essentially, if -- it's just my understanding is if a
11 stay is terminated, that person still can get discharged even
12 if, kind of, the person behind on payments.  This is, the state
13 termination is, kind of, this magic thing that can happen and
14 that a person still can get discharged.
15      I understand your point, that, sort of, like this
16 about the -- but I think there is some sort of, essentially,
17 confusion in how to proceed with the cases when just people
18 behind on payments.  But then if they are terminated, then they
19 still can get discharge.  That's how it was before, just so
20 far, until Mr. Gorman started to file motions to dismiss on
21 that.  It started to get implemented.  But before that, it just
22 wasn't implemented.
23      On similar facts, I already -- I got number of cases
24 discharged when people, yes, were in default on payments and
25 stay was terminated.  Because was no motions to dismiss and

1  then discharge was entered.  But right now, yes, and when Mr.
2  Gorman filed motion to dismiss on the payment default, yes,
3  that's -- she is in default, and stay terminated.  But whether
4  it is question -- whether it's grounds under evidence I don't
5  know.  I think it's not.
6          THE COURT:  Okay.  Thank you.
7          Mr. Gorman, anything?
8          Good.  Good.
9          MS. ZHMACHENKO:  Sorry.  Based on paragraph 9 of the
10 plan, paragraph 9 of the plan, because the stay is terminated,
11 there is no obligation under 6(a).
12         THE COURT:  Right.  I get it.  That's reflective of
13 our local --
14         MS. ZHMACHENKO:  There is, kind of, now -- there is,
15 yeah, somewhat conflict between paragraph 9 and then 6(a) of
16 the plan.  That's probably what it is.  Yeah.
17         THE COURT:  Okay.  Thank you.
18         Mr. Gorman, anything further on this?
19         MR. GORMAN:  The argument counsel made is exactly what
20 I'm rebelling against.  The argument is when lift stay is
21 granted, debtor gets the discharge.  I don't believe all facts
22 are equal.  Whether lift stay was granted or not should be
23 determinative or dispositive on the discharge issue.
24         But here's, Your Honor sort of alluded to, debtor
25 undeniably defaulted on the plan.  I think the dismissal should

1   be left intact.  Thank you.
2           THE COURT:  All right.  I'll take this under
3   advisement, and I'll issue a ruling in due course.  Thank you
4   for your arguments today.
5       (Whereupon these proceedings were concluded at 2:46 PM)

14

C E R T I F I C A T I O N

I, Hana Copperman, the court-approved transcriber, do hereby certify the foregoing is a true and correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

*Hana Copperman*                             March 18, 2025

_____     _____

HANA COPPERMAN                                DATE

AAERT Certified Electronic Transcriber CET-487

Helen L. Hammond

January 23, 2025

### A

**actually (1)**
5:15
**advisement (1)**
13:3
**against (1)**
12:20
**ahead (1)**
5:5
**allegation (1)**
3:14
**alleging (2)**
2:9;3:9
**alluded (1)**
12:24
**along (1)**
9:15
**alternatively (1)**
8:15
**amend (1)**
9:19
**amount (1)**
6:2
**amounts (1)**
10:19
**apologize (1)**
5:4
**appear (1)**
5:3
**appearing (1)**
6:14
**application (1)**
10:6
**argued (1)**
8:8
**argues (1)**
7:1
**argument (5)**
2:3;5:14,21;12:19,
20
**arguments (1)**
13:4
**around (2)**
6:4,13
**assumed (1)**
5:8
**attorney (1)**
10:16
**attorneys (1)**
10:11
**aware (1)**
6:19

### B

**back (1)**
8:20
**based (2)**
4:11;12:9
**basically (1)**
8:18

**behind (7)**
7:22,25;9:5,14;
10:19;11:12,18
**belief (1)**
6:20
**bit (1)**
10:3
**both (4)**
3:25;7:8,9,9
**bright (1)**
10:5
**buys (1)**
8:19

### C

**call (1)**
5:21
**can (10)**
5:25;6:8;7:6,20;9:7,
21;11:11,13,14,19
**case (33)**
2:1,8,9,12,13,15,23,
24;4:18,21,22,24;5:2,
16;6:1,15;7:17,25;
8:3,8,8,15,22,23;9:7,
10,11,17,21;10:8,18,
20;11:5
**cases (7)**
3:12;4:16,17;9:13;
10:24;11:17,23
**challenging (3)**
6:19;7:16;8:5
**change (1)**
10:22
**Chapter (1)**
10:13
**character (1)**
6:15
**charge (1)**
3:8
**chase (1)**
7:8
**clear (1)**
7:21
**CLERK (1)**
2:1
**client (2)**
8:22;9:23
**client's (1)**
7:25
**close (1)**
6:7
**cocktail (1)**
7:6
**collect (1)**
6:2
**coming (1)**
6:11
**compel (1)**
6:3
**complete (1)**
2:17

**completed (5)**
2:15,17;3:6;5:9;
8:13
**completion (3)**
10:12,18,25
**compliance (1)**
5:15
**concept (1)**
6:20
**concluded (1)**
13:5
**confirmed (1)**
5:1
**conflict (1)**
12:15
**confused (2)**
5:25;6:8
**confusion (2)**
3:5;11:17
**consent (1)**
7:24
**consistent (1)**
7:1
**continue (1)**
9:21
**contradicts (1)**
4:25
**counsel (8)**
2:11;6:8,10;7:1,11,
23;8:6;12:19
**counsel's (2)**
5:24;6:16
**course (1)**
13:3
**COURT (27)**
2:6;3:13,16,19,22,
25;4:3,7;5:17,19;
6:10,11;7:6,16;8:20;
9:1,11,22;10:1,3;11:1,
4,7;12:6,12,17;13:2
**cover (1)**
4:10
**crucial (1)**
8:17
**curing (1)**
6:21
**current (1)**
8:1

### D

**date (1)**
6:13
**deal (1)**
2:4
**debt (1)**
4:14
**debtor (10)**
2:7,15,16;6:1;7:14,
19,19,22;12:21,24
**debtors (1)**
7:7
**debtor's (5)**

6:5;7:11;8:9;10:10,
16
**December (3)**
2:10;3:3;7:21
**default (7)**
3:10,14;8:10;9:15;
11:24;12:2,3
**defaulted (2)**
6:23;12:25
**defense (1)**
5:24
**deficient (1)**
6:17
**determinative (1)**
12:23
**direct (1)**
8:16
**discharge (16)**
4:1;5:10;6:25;7:12,
15;8:2,4,14,19;10:13,
24;11:2,19;12:1,21,23
**discharged (6)**
4:17,22;10:9;11:11,
14,24
**discuss (1)**
5:5
**discussions (1)**
5:7
**dismiss (18)**
2:14,14,16,18,19,
21;3:2,4,9;6:3,7;8:23,
25;9:4;11:4,20,25;
12:2
**dismissal (5)**
2:8;3:10;5:13,14;
12:25
**dismissed (9)**
2:10;4:22,24;5:3;
8:9,15;9:7,12,14
**disposed (2)**
6:15;8:7
**dispositive (1)**
12:23
**dispute (6)**
3:13,15,16,19,24;
4:23
**distinct (1)**
11:8
**docket (5)**
3:5;5:6,8;6:13;7:20
**dollars (1)**
2:16
**due (1)**
13:3

### E

**end (10)**
2:23;4:18,21;6:1,
13;7:8,23,24;8:3;
10:19
**enforcing (1)**
8:1

**enough (1)**
6:7
**entered (2)**
7:21;12:1
**entitled (2)**
4:1;11:2
**equal (1)**
12:22
**equity (1)**
7:16
**essentially (20)**
2:8,9,11,25;3:17,
18;4:9,13,13,20,23,
25;5:13,15;8:24;
10:11,17,18;11:10,16
**Evans (7)**
5:16;6:22;8:1,10,
13;11:5,10
**even (2)**
8:11;11:11
**evidence (6)**
4:8,10,25;7:2,2;
12:4
**exactly (2)**
7:7;12:19
**exception (2)**
6:18;8:18
**excusable (2)**
2:9;5:21
**exit (1)**
8:4

### F

**face (1)**
9:22
**fact (2)**
3:1;4:23
**facts (9)**
3:11;4:17,19,23;
5:14,25;10:24;11:23;
12:21
**far (4)**
10:5,9,15;11:20
**fault (2)**
2:12;8:6
**fiction (1)**
10:3
**fifteen (1)**
6:11
**fighting (2)**
5:22,23
**file (1)**
11:20
**filed (10)**
2:14,15,24;3:1;6:1,
2,6;8:3,23;12:2
**files (2)**
9:4,5
**fine (1)**
4:18
**first (2)**
2:14;3:4

**focusing (1)**
    11:1
**forty-three (1)**
    2:16
**found (1)**
    7:20
**frequent (1)**
    10:14
**further (1)**
    12:18

### G

**gets (6)**
    7:10,12;8:15;9:17;
    10:8;12:21
**gives (1)**
    8:4
**God (1)**
    8:2
**goes (2)**
    9:15;10:10
**golden (2)**
    6:24;7:13
**good (5)**
    3:8;5:4;7:25;12:8,8
**GORMAN (13)**
    2:3;4:20;5:6,19,20;
    8:23;9:4;10:22;11:20;
    12:2,7,18,19
**Gorman's (1)**
    3:13
**grant (1)**
    5:12
**granted (5)**
    2:25;4:12;7:14;
    12:21,22
**granting (1)**
    6:24
**grounds (3)**
    3:10;11:4;12:4
**guess (2)**
    9:9,20

### H

**half (1)**
    10:12
**Hammond (1)**
    2:1
**happen (2)**
    8:21;11:13
**happened (1)**
    7:22
**happening (1)**
    7:23
**happens (1)**
    10:15
**hate (2)**
    6:15;8:7
**hear (2)**
    2:6,6
**hearing (7)**
    2:11,19,21;3:3;5:3;
    6:12;8:6
**hearings (2)**
    5:5,5
**Helen (1)**
    2:1
**here's (2)**
    7:7;12:24
**honestly (1)**
    9:16
**Honor (4)**
    2:4;6:19;7:23;
    12:24
**house (1)**
    7:9

### I

**idea (1)**
    4:21
**ideal (1)**
    10:17
**implementation (1)**
    7:3
**implemented (2)**
    11:21,22
**independent (1)**
    6:6
**indirect (1)**
    8:17
**indiscernible (1)**
    5:2
**inequitable (1)**
    7:15
**inequity (1)**
    7:7
**intact (1)**
    13:1
**integral (1)**
    8:17
**into (2)**
    6:4;8:21
**issue (2)**
    12:23;13:3
**issues (3)**
    5:11;11:7,8
**Item (2)**
    2:1;5:6

### K

**keep (2)**
    7:18;11:1
**keeping (1)**
    6:22
**kind (11)**
    3:8;5:7;9:6,16,17;
    10:6,14,15;11:12,13;
    12:14
**knew (1)**
    7:22

### L

**last (1)**
    6:4
**lawyer (1)**
    7:25
**lawyering (1)**
    7:25
**learn (1)**
    9:2
**left (1)**
    13:1
**legal (2)**
    2:3;5:14
**lift (9)**
    6:5;7:10,12,20;8:2,
    18;9:17;12:20,22
**line (1)**
    10:5
**listen (1)**
    7:6
**live (1)**
    6:9
**local (3)**
    7:3,4;12:13
**logic (1)**
    10:16
**long (1)**
    2:4
**looked (1)**
    6:13
**losing (1)**
    9:10
**lucky (1)**
    7:13

### M

**magic (1)**
    11:13
**making (1)**
    4:21
**managed (1)**
    9:17
**may (1)**
    7:10
**mean (7)**
    3:25;4:12;9:22;
    10:3,11,14;11:5
**merits (2)**
    6:18;8:8
**middle (1)**
    10:8
**might (2)**
    6:8;8:16
**mind (2)**
    3:6;5:9
**missing (1)**
    8:6
**mistakenly (1)**
    5:8
**money (1)**
    6:2
**months (1)**
    8:21
**mortgage (9)**
    3:10,14;6:6,21;
    7:10;8:22;9:5,14;10:6
**motion (26)**
    2:8,10,13,14,16,18,
    19,20,20,23,25;3:2,4,
    9;5:12,20;6:3,5,6;8:2,
    23,24,25;9:3,7;12:2
**motions (3)**
    9:4;11:20,25
**much (1)**
    10:16
**myself (2)**
    6:9;7:5

### N

**necessarily (1)**
    11:9
**neglect (2)**
    2:9;5:21
**new (1)**
    3:11
**notion (2)**
    6:19,23
**November (5)**
    2:20,21,22;3:1,2
**Number (7)**
    2:1,1;3:11;4:16;
    7:20;10:7;11:23

### O

**obligation (2)**
    4:13;12:11
**obligations (2)**
    8:10,12
**October (1)**
    2:24
**often (1)**
    10:15
**one (2)**
    5:7;7:10
**only (1)**
    8:21
**oppose (1)**
    2:12
**order (2)**
    7:20,24
**out (3)**
    6:14,20,23
**outside (2)**
    4:25;8:11
**overlooked (1)**
    3:1
**owed (1)**
    6:1

### P

**paid (4)**
    7:8,9;8:16,16
**paragraph (6)**
    4:11,14;5:1;12:9,
    10,15
**part (2)**
    8:11,17
**particular (3)**
    4:14;5:7;6:12
**parties (1)**
    7:6
**pay (2)**
    6:21;10:19
**paying (2)**
    6:6;8:22
**payment (8)**
    3:10;6:3,4;10:6,12,
    18,25;12:2
**payments (19)**
    2:15,17,18;3:7,14,
    23;4:5,21;5:9;7:19;
    8:11,16,17;9:5,14,15;
    11:12,18,24
**people (7)**
    9:5,5;10:9,13,25;
    11:17,24
**performance (2)**
    6:16;8:12
**person (6)**
    4:21;9:6,14;11:11,
    12,14
**phone (1)**
    7:11
**picks (1)**
    7:11
**plan (20)**
    2:15;4:12,14,15;
    5:1;6:20;7:9,17;8:10,
    11,12,13,18;9:15,19,
    20;12:10,10,16,25
**PM (1)**
    13:5
**podium (1)**
    8:21
**point (1)**
    11:15
**practice (2)**
    10:21,21
**pretty (4)**
    5:4;7:21;10:14,16
**probably (3)**
    6:12;9:19;12:16
**problem (1)**
    6:11
**procedural (1)**
    5:24
**proceed (3)**
    3:8;5:10;11:17
**proceedings (1)**
    13:5
**property (4)**
    7:18;9:20,23,24
**proposed (1)**

7:18
**provide (1)**
    9:19
**proximity (1)**
    6:7
**push (1)**
    4:20

### R

**raised (1)**
    5:7
**re (2)**
    5:16;11:9
**ready (1)**
    5:10
**realize (2)**
    3:9;7:12
**reason (1)**
    3:3
**rebelling (1)**
    12:20
**recall (1)**
    6:12
**record (1)**
    7:21
**reflective (1)**
    12:12
**regular (2)**
    6:21;7:19
**relief (3)**
    4:12;6:24;7:11
**remiss (1)**
    6:9
**removed (2)**
    2:20;3:5
**repeating (1)**
    7:5
**request (1)**
    5:12
**required (1)**
    7:18
**requiring (1)**
    6:21
**residence (1)**
    6:22
**resolution (1)**
    9:6
**resolved (1)**
    9:8
**resolving (1)**
    9:16
**result (1)**
    7:16
**Richmond (1)**
    10:23
**Right (14)**
    4:20;5:2,12;9:12,
    18,18,21,25;10:1,16,
    25;12:1,12;13:2
**rule (3)**
    5:13;7:3,4
**ruling (1)**
    13:3

### S

**same (3)**
    6:5;7:8;9:9
**saying (3)**
    6:5;7:23;8:15
**second (2)**
    2:13;3:2
**Section (1)**
    7:18
**secured (1)**
    4:14
**Send (1)**
    7:24
**separate (1)**
    11:7
**set (2)**
    2:19;3:2
**several (1)**
    10:24
**short (2)**
    2:17;9:11
**show (2)**
    2:11,13
**sign (1)**
    8:3
**similar (3)**
    4:19;10:24;11:23
**single (1)**
    5:6
**situation (1)**
    9:3
**situations (2)**
    4:10;10:7
**six (1)**
    8:21
**sixteen (1)**
    6:11
**small (1)**
    6:2
**Solely (2)**
    9:13,14
**somebody (1)**
    7:6
**somehow (4)**
    5:8;9:8,17;10:17
**somewhat (1)**
    12:15
**Sorry (1)**
    12:9
**sort (7)**
    3:4;4:9;9:8;10:22;
    11:15,16;12:24
**standard (1)**
    5:22
**started (2)**
    11:20,21
**state (1)**
    11:12
**stay (41)**
    2:24,25;3:7,17,18,
    19;4:2,3,4,10,11,12,
    17,22,24;5:9;6:5,24;
    7:10,12,12,13,20;8:2,
    19,25;9:4,8,9,24;10:8,
    9,11,17,24;11:11,25;
    12:3,10,20,22
**stays (1)**
    9:17
**still (8)**
    6:22;7:9;10:9,13,
    23;11:11,14,19
**strikes (1)**
    7:15
**supposed (1)**
    2:22
**surprised (1)**
    6:14
**surrender (4)**
    7:17;9:20,23;10:4

### T

**teaches (1)**
    8:11
**terminate (5)**
    2:24,25;8:25;9:3,7
**terminated (22)**
    3:7,18,22;4:2,3,4,
    10,11,18,22,24;5:10;
    9:9;10:8,12,17,25;
    11:11,18,25;12:3,10
**termination (2)**
    10:9;11:13
**Tetiana (1)**
    2:7
**theoretically (3)**
    9:7,18,18
**theory (1)**
    8:19
**though (1)**
    6:18
**thought (1)**
    3:3
**ticket (2)**
    6:25;7:13
**tied (1)**
    7:4
**today (1)**
    13:4
**total (1)**
    3:5
**true (1)**
    5:4
**trustee (3)**
    2:15,18;3:1
**trustee's (1)**
    2:10
**trying (2)**
    4:20;10:22
**two (2)**
    7:7;11:8

### U

**undeniably (2)**
    8:9;12:25
**under (14)**
    4:8,13,14;5:23,24;
    6:22;8:1,13;9:20;
    11:5,9;12:4,11;13:2
**unless (3)**
    9:6,7,19
**up (3)**
    2:11,13;7:11
**usually (5)**
    5:4,5;9:3,15,16

### V

**vacate (3)**
    2:8;5:12,20

### W

**wants (1)**
    2:4
**warranted (1)**
    5:15
**way (1)**
    8:1
**ways (1)**
    3:25
**Whereupon (1)**
    13:5
**wholly (1)**
    7:15
**withdrawn (1)**
    2:21
**withdrew (2)**
    2:18;6:4
**worked (1)**
    10:15
**working (1)**
    6:10

### Y

**year (1)**
    10:12
**years (1)**
    6:11

### Z

**Zhmachenko (22)**
    2:7,7;3:15,17,21,
    24;4:2,6,8;5:18;8:20,
    24;9:2,13,25;10:2,5;
    11:3,6,9;12:9,14

### 1

**12th (1)**
    3:2
**13s (1)**
    10:13
**19-12942 (1)**
    2:2

### 2

**2:46 (1)**
    13:5
**21st (2)**
    2:20,22
**24th (1)**
    2:24
**26th (1)**
    3:1

### 3

**3002.1 (1)**
    7:4

### 5

**53 (1)**
    2:1
**5th (4)**
    2:10,21;3:3;7:21

### 6

**62 (1)**
    7:20
**6a (3)**
    7:18;12:11,15

### 9

**9 (6)**
    4:11,15;5:1;12:9,
    10,15
**9024 (1)**
    5:23